### BOB BAGLEY v. THE STATE.

#### No. 3844. Decided April 15, 1908.

**Theft of Horse—Argument of Counsel—Defendant's Failure to Testify.**

Upon trial for theft of a horse, where the State's counsel alluded to defendant's failure to place a certain witness on the stand, bearing on the testimony of another witness, the same was not an allusion to defendant's failure to testify.

Appeal from the District Court of Grayson. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of theft of a horse; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of horse theft, his punishment being assessed at ten years confinement in the penitentiary.

During the argument appellant's attorney stated to the jury as follows: "The constable Allen first stated to you that he picked the defendant out from the rest of the prisoners, without Kirk first pointing defendant out to him; he afterwards almost admits that Kirk did point defendant out to him." Adamson, the assistant county attorney, replying, said, "Allen testified before you that he went to the jail and picked defendant out without Kirk pointing defendant out to him. Kirk

is in town; why don't the defendant prove that Kirk first pointed defendant out to Allen." Objection was urged to this statement or argument as being prejudicial to appellant's rights. The court stated that he did not understand the argument. Adamson then stated, "I have no reference whatever to the fact that this defendant was not placed on the witness stand. I referred to the fact that he should have placed Kirk on the stand, he being present." The objection is that this was a reference to appellant's failure to testify in his own behalf. We are of opinion this exception is not well taken. The argument was over what may or may not have been the testimony of the witness Allen, and the failure of defendant to put Kirk on the stand and introduce his evidence bearing upon the same question. Replying to this, the county attorney stated that he was not referring to appellant's failure to testify but to the fact that he (appellant) did not place on the witness stand the witness Kirk. We are of opinion this did not operate as a violation of the statute prohibiting an allusion to the failure of defendant to testify. It is true, appellant might have taken the stand but did not, and the county attorney was simply explaining that he was referring to appellant's failure to place Kirk on the stand and not to the fact that he (appellant), did not testify.

The other matters set up in motion for a new trial cannot be considered without the evidence, which is not incorporated in the record.

There being no reversible error in the record, the judgment is affirmed.

*Affirmed.*